**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 10 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICARDO FRAUSTO,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 20-70653<br><br>Agency No. A097-258-285<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2022[**]

Before: SILVERMAN, KOH, and SANCHEZ, Circuit Judges.

Ricardo Frausto, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his second motion to

reopen proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for

abuse of discretion the denial of a motion to reopen, and review de novo questions

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

of law.  *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003).  We deny the petition for review.

Frausto challenges only the BIA's decision denying sua sponte reopening.[1] Our jurisdiction is limited to "reviewing the reasoning behind the decision[] for legal or constitutional error."  *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). The record does not support Frausto's assertions that the BIA committed such errors.  For example, there is no indication that the BIA failed to consider its own precedent or neglected to adequately review and consider the evidence presented. *See, e.g.*, *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 894 (9th Cir. 2018) ("There is no indication that the IJ or BIA did not consider all the evidence before them."). We otherwise lack jurisdiction to review the BIA's discretionary decision not to exercise its authority to reopen proceedings sua sponte.  *See* 8 C.F.R. § 1003.2(a); *Bonilla,* 840 F.3d at 588.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

[1] He does not raise and has therefore waived any challenge to the agency's other bases for denying his motion, including that it was both untimely and number barred and that he failed to establish prima facie eligibility for relief and protection.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not argued in opening brief deemed waived).